**AL TECH SPECIALTY STEEL CORPORATION; Armco Stainless Steel Division, Armco, Inc.; Carpenter Technology Corporation; Colt Industries, Inc., Crucible Materials Group; Guterl Special Steel Corporation; Joslyn Stainless Steel; Republic Steel Corporation; Universal–Cyclops Specialty Steel Division, Cyclops Corporation, Plaintiffs,**

v.

**UNITED STATES, Defendant.**

**Court No. 83–1–00107.**

United States Court of International Trade.

April 7, 1988.

---

Collier, Shannon, Rill & Scott (David A. Hartquist and Laurence J. Lasoff), Washington, D.C., for plaintiffs.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice (Sheila N. Ziff) for defendant; M. Linda Concannon, Office of Deputy Chief Counsel for Import Administration, Dept. of Commerce, Washington, D.C., of counsel.

## OPINION

TSOUCALAS, Judge:

Plaintiffs, domestic stainless steel bar producers, commenced the above-captioned action in order to challenge aspects of the final determination of the International Trade Administration of the Department of Commerce (ITA or Commerce) in *Certain Stainless Steel Products from Spain*, 47 Fed.Reg. 51,453 (1982). In *Al Tech Specialty Steel Corp. v. United States*, 11 CIT ——, 661 F.Supp. 1206 (1987), this Court affirmed that determination in part and remanded in part. The Court directed the ITA to consider whether certain stock purchases by the Bank of Spain amounted to a countervailable subsidy. *Id.* at ——, 661 F.Supp. at 1214. The Court has received the decision following remand, and now affirms the agency's determination that this equity ownership does not constitute a subsidy.

Presuming familiarity with the decision in *Al Tech*, the Court does not reiterate plaintiffs' concerns regarding the purchase of the stock of Olarra, S.A., a Spanish steel producer. Suffice to say that the remand results demonstrate the ITA has properly addressed whether the Bank of Spain's ownership interest in Olarra is a countervailable subsidy and whether any secondary effects of such ownership benefitted Olarra. The only tenable conclusion is that the purchase of a small number (the exact figure is confidential information) of shares on the open market is not a subsidy. Furthermore, given the Bank of Spain's miniscule ownership interest in Olarra, plaintiffs' allegations are, at best, highly speculative. The record evidence does not indicate that the stock purchase resulted in countervailable benefits to Olarra (for example, no evidence of loan guarantees in the period following the stock purchase).

In support of its conclusion, the ITA has relied on the methodology outlined in *Subsidies Appendix, Cold–Rolled Carbon Steel Flat–Rolled Products From Argentina*, 49 Fed.Reg. 18,016, 18,020 (Dep't Comm.1984):

It is well settled that government equity ownership *per se* does not confer a subsidy. Government ownership confers a subsidy only when it is on terms inconsistent with commercial considerations.

If the government buys previously issued shares on a market or directly from shareholders rather than from the company, there is no subsidy to the company. This is true no matter what price the government pays, since any overpayment benefits only the prior shareholders and not the company.

Further, the secondary benefits of subsidies are of such a highly speculative nature

they are not considered in the analysis. *Id.* at 18,023.

Plaintiffs have not specifically challenged this methodological approach. Rather, as indicated in this Court's earlier opinion, plaintiffs refer to the decision in *British Steel Corp. v. United States,* 9 CIT 85, 605 F.Supp. 286 (1985). In sharp contrast to the situation presented herein, *British Steel* involved extensive equity infusions by the government essential to the survival of a nationalized company. Thus, reliance on that decision is misplaced.

In sum, the ITA's determination on remand is supported by substantial evidence and is otherwise in accordance with law. *See,* 19 U.S.C. § 1516a(b)(1)(B) (1982). Hence, the Court denies plaintiffs' motion for judgment on the agency record and dismisses this action.